RICARDO MARRERO GARCÍA Y SU ESPOSA DOÑA FERMINA MATOS COLÓN, demandantes y apelantes, *v*. SUCESIÓN DE WENCESLAO MARRERO, COMPUESTA DE SU VIUDA LIBRADA TÓRRES Y SUS HIJOS JUAN, MIGUEL Y RICARDO MARRERO Y MARRERO, Y ALFREDO, MERCEDES, AMELIA, CONSTANZA, WENCESLAO, EMILIA, ARMIDA Y LIBRADA MARRERO Y TÓRRES, ESTOS CINCO ULTIMOS MENORES DE EDAD, REPRESENTADOS POR SU MADRE LA REPETIDA LIBRADA TÓRRES, demandados y apelados.

No. 4009.—*Visto:* Diciembre 14, 1926. *Resuelto:* Abril 26, 1927.

1. APELACIÓN Y ERROR—ALEGATOS—EXPOSICIÓN O SEÑALAMIENTO DE ERRORES—OMISIÓN DE SEÑALAMIENTO SEPARADO DE ERRORES.—Cuando el alegato del apelante no contiene un señalamiento separado de errores como exigen las reglas de la corte, la apelación puede desestimarse por tal motivo.

2. HIPOTECAS—PAGO, CUMPLIMIENTO DE CONDICIONES, CANCELACIÓN Y CARTA DE PAGO—NULIDAD DE ESCRITURA DE CANCELACIÓN—ACCIÓN—APELACIÓN—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—CONFIRMACIÓN.—En el caso de autos se

pidió la declaración de nulidad de cierta escritura de cancelación de hipoteca. Analizada la prueba se concluyó que debía confirmarse la sentencia que declaró sin lugar la demanda porque la de los demandantes era incongruente con su teoría del caso y porque la propia de los demandantes completada por la de los demandados, demostraba la existencia de la cancelación.

SENTENCIA de *Luis Samalea*, J. (Arecibo), declarando sin lugar demanda sobre inexistencia de contrato y otros extremos. *Confirmada.*

*Luis Mercader*, abogado de los apelantes; *Herminio Miranda* y *G. Cruzado Silva*, abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ricardo Marrero y su esposa demandaron a la Sucesión de Wenceslao Marrero compuesta de su viuda y de diez hijos algunos de los cuales son menores de edad, pidiendo a la corte que declarara nula cierta escritura de cancelación de hipoteca otorgada por ellos mismos y que condenara a los demandados al pago de la deuda original.

Alegaron los demandantes haber vendido en el año de 1909 dos fincas a Wenceslao Marrero, causante de los demandados, en dos mil quinientos dólares, de los cuales Marrero pagó quinientos de contado, hipotecando las propias fincas para responder de los dos mil restantes; que Marrero murió en 1912 sin haber satisfecho su deuda; que en 1916 los demandantes fueron requeridos por el notario Cordero Rodríguez, a nombre de la Sucesión de Wenceslao Marrero, para recibir el importe de la hipoteca y ellos, bajo la promesa formal de que se les pagaría su crédito, firmaron una escritura dándolo por recibido y cancelando en su virtud el gravamen, sin que después la sucesión cumpliera su promesa, negándose por el contrario, sosteniendo haberla pagado según reza la indicada escritura.

Contestaron los demandados aceptando ciertos hechos de la demanda y negando lo relativo a la falsedad de la escritura de carta de pago y cancelación de hipoteca que sostuvieron era la expresión de la verdad de lo ocurrido.

Fué el pleito a juicio. Ambas partes practicaron pruebas y la corte exponiendo los fundamentos de su sentencia en una cuidadosa opinión, declaró la demanda sin lugar, con costas.

[1, 2] No conformes los demandantes apelaron. Su alegato es largo y confuso. No contiene un señalaminto separado de errores como exigen las reglas de este tribunal. Ello sería bastante para desestimar la apelación. Sin embargo, hemos estudiado cuidadosamente las alegaciones y las pruebas y creemos que bajo cualquier aspecto que el caso se considere sólo cabe resolverlo en contra de los demandantes y apelantes. Ni siquiera es necesario entrar en el examen de la prueba de los demandados. Basta analizar la de los demandantes.

De la demanda parece deducirse que los demandantes fueron engañados. En el juicio presentaron como prueba un documento privado firmado en 1916 por los demandados mayores de edad en el cual reconocen estos deberles cuatro mil quinientos pesos que se comprometían a pagar en plazos anuales de doscientos cincuenta pesos cada uno. La prueba no es congruente con la demanda. Fué por ello objetada. El juez la aceptó para resolver su admisión definitiva al decidir el caso. No lo hizo así, pero no le dió el valor probatorio que pretendían los demandantes, pues aceptó como cierta la explicación de los demandados, a saber: que dicho documento se firmó el mismo día que la escritura de carta de pago y cancelación de hipoteca consignando en él una deuda simulada para que el demandante Marrero que era padre político de la viuda de Wenceslao y abuelo de los otros demandados, los demandara y embargara las fincas caso de que los otros acreedores de la sucesión al saber que las dichas fincas quedaban libres de la hipoteca que sobre ellas pesaba les reclamaran judicialmente sus créditos.

Y no solamente deja dicha prueba de estar enteramente conforme con las alegaciones de la demanda si que también

con la misma declaración del propio demandante Marrero en
el acto del juicio.

Si la teoría de los demandantes expresada por su abogado
en el juicio al presentar el documento privado de que se trata
era cierta, entonces lo que se hizo fué sencillamente sustituir
la obligación de pagar dos mil dólares en plazos anuales de
quinientos contraída por el causante de los demandados, por
la de pagar cuatro mil quinientos en plazos anuales de dos-
cientos cincuenta, contraída directamente por los demandados.
La cancelación quedaba explicada.    Eso no obstante, trató de
sostener el demandante Marrero que firmó engañado la escri-
tura de cancelación.

Parece conveniente indicar que se notan contradicciones
fuertes en la prueba misma de los demandantes.   Por ejemplo
el propio demandante Marrero, declaró: ''Yo firmé la escri-
tura creyendo que era el convenio de la rebaja a doscientos
cincuenta pesos. . .   Yo firmé en lo que me leyeron; firmé
el convenio de haberle hecho a esta señora, de quinientos pesos
dejar a doscientos cincuenta pesos: eso fué lo que firmé.''
Preguntado: ''¿pero la otra escritura de haberle hecho el
pago no la firmó?'', contestó: ''No, señor.''   Vuelto a pre-
guntar: ''¿Ni se la leyeron?'', contestó: ''Nada.''  Mientras
que su hijo, Gumersindo Marrero, presentado por los deman-
dantes como testigo, declaró así: ''P.   ¿Estaba en su casa
el día que se firmó esa escritura de carta de pago?—Estaba
en casa cuando fué el notario.  P.   ¿Oyó leer la escritura?—
Estaba presente el mismo notario.  P.   ¿La leyó?—Sí, señor.
P.   ¿Su padre firmó esa escritura?—La firmó.

Pero aceptando a los fines de este caso simplemente que
el documento privado pudiera admitirse como prueba, en-
tonces ¿a qué anular la escritura de carta de pago y con-
denar a los demandados a pagar la deuda de acuerdo con
el contrato original, si el mismo documento revela que la
carta de pago fué cierta y no medió engaño sino que lo que
se realizó fué un nuevo contrato?

Si el documento privado es cierto entonces de la propia prueba de los demandantes resulta que su acción es otra que la ejercitada, si los demandados dejaron de cumplir con la obligación que ellos mismos se impusieron y que los demandantes aceptaron.

Pero el pleito fué más lejos. Los demandados practicaron también su prueba. La viuda demandada y uno de los hijos mayores también demandado declararon que su causante pagó algo de los dos mil dólares antes de morir y ellos satisficieron el resto, siendo la escritura de cancelación la consecuencia del pago como ella misma dice y no la de un nuevo convenio de pagar en forma distinta la misma deuda. Explicaron el otorgamiento del documento privado en la forma que dejamos expuesta.

El juez sentenciador dió entero crédito a sus manifestaciones y expresamente consignó que no creía las del demandante Marrero. Y nada hay en los autos que demuestre que actuara movido por pasión o prejuicio o que cometiera error manifiesto.

Al contrario, todo induce a creer que los hechos ocurrieron como los narran los demandados. De otra suerte tendría que concluirse no sólo que los demandados se negaban a pagar una deuda que reconocieron en un documento privado sino que el notario que otorgó la escritura pública se había puesto de acuerdo con ellos para cometer un verdadero fraude.

En el acto del juicio no declaró el notario, pero sí su escribiente Heraclio Medina que estuvo en la casa de los demandantes con el notario y el abogado Sr. Edwards. Sostiene en un todo a los demandados.

Presentóse además por los demandados como prueba cierto pleito iniciado por el propio demandante Marrero contra ellos en cobro de dinero. Se alegó en la demanda que los demandados debían los dos mil pesos que su causante dejó de pagar a virtud del contrato que ya conocemos. Ninguna referencia se hizo al nuevo contrato constante en el documento privado.

Los demandados contestaron negando. Y el pleito terminó a virtud del desistimiento del propio demandante.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Hutchison no intervino.